IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRYSON ANDREW,**

        **Plaintiff,**

v.                                                                                    Civil Action No. 5:16cv8
                                                                                    (Judge Stamp)

**FCI MORGANTOWN,**
**FEDERAL PRISON HEALTH SERVICES,**
**PATRICA CORBIN,**
**M.D. DOCTOR WATERS,**

        **Defendants.**

## REPORT AND RECOMMENDATION

### I. Introduction

On January 27, 2015, Bryson Andrew, a federal inmate incarcerated at FCI Morgantown, filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983. (ECF. No. 1.) In addition, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*, together with a Prisoner Trust Account Report and a Consent to Collection. The case is pending on initial review.

### II. The Complaint

Plaintiff alleges that "[t]he Institution, the Health Department, the Physician, and the Physician Assistant(s) all did conspire to administer subpar health aid to the PLAINTIFF by ignoring complaints of a serious health issue and by doing so did order PLAINTIFF to self-medicate with the wrong medication for well over a one-year period and during this period PLAINTIFF was in, and endured tremendous pain and suffering." ECF No. 1-1 at 1. In addition, Plaintiff alleges health official believed he was "faking" his condition and his pain was imagined. Plaintiff also alleges that it was eventually discovered that his kidneys had been damaged and other medical issues have occurred. In particular, Plaintiff alleges that he gave himself a blood sugar test and discovered

that he has developed diabetes. It also appears that Plaintiff alleges that he "nearly" suffered a stroke due to the improper treatment and clear negligence of Defendants. For relief, Plaintiff seeks $3,000,000.00 in damages and "medical relief."

### III. Standard of Review

Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless." See Neitzke at 327 and Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

*Pro se* complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged t construe liberally such complaints. However, in Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not

contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations." it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 555.

The Supreme Court elaborated on its holding in Twombly in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), a civil rights case. The court wrote:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must except as true all of the allegations contained in a complaint is in inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [Twombly, 550 U.S.] at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we " are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id., at 556.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S.Ct. At 1949-50.

## IV. Analysis

42 U.S.C. §1983 provides as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be

a statute of the District of Columbia.

The undersigned notes that Plaintiff is a federal inmate, incarcerated in a federal prison and Defendants are federal agencies or employees. However, § 1983 claims do not apply to federal officials, because they are not state actors acting under color of state law. Plaintiff's cause of action, if any, is pursuant to Bivens v.Six Unknown Agents of Federal Bureau of Prisons, 403 U.S. 388, 395 (1971).

Under ordinary circumstances, the undersigned would simply construe Plaintiff's complaint as arising under Bivens. However, on the same date that he filed the instant action, Plaintiff filed a second complaint on this court's form for a Bivens action which is assigned to the Honorable Gina M. Groh, Chief United States District Judge and referred to United States Magistrate Judge James E. Seibert. Moreover, except the form differences, the two complaints are identical, including the statement of claim attached to each.[1]

## V. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, and his Motion for Leave to Proceed *in forma pauperis* [ECF No. 2] be **DISMISSED AS MOOT**.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also

---

[1] In fact, a review of the paper file for each case indicates that the two complaints were mailed in one envelope. Accordingly, given that the pleadings are identical, it is possible that Plaintiff sent both, not with the intent of filing two separate actions, but with the assumption that only the "proper' complaint would be filed.

be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: February 12, 2016.

/s Robert W. Trumble
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE