IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRYSON ANDREW,

    Plaintiff,

v.                                      Civil Action No. 5:16CV8
                                                    (STAMP)

FCI MORGANTOWN,
FEDERAL PRISON HEALTH SERVICES,
Health Consultants for
Federal Prisoners,
PATRICIA CORBIN,
Physicians Assistant
and M.D. DOCTOR WATERS,
Facility Medical Doctor,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE REPORT
AND RECOMMENDATION OF THE MAGISTRATE
JUDGE AND DENYING AS MOOT PLAINTIFF'S
MOTION TO SERVE THE COMPLAINT**

I.  Background

The pro se[1] plaintiff, a federal inmate incarcerated at FCI Morgantown, filed this civil action under 42 U.S.C. § 1983 ("§ 1983"). In his complaint, the plaintiff alleges that the defendants conspired to provide him with inadequate medical care for his alleged medical conditions. He alleges that because of the defendants' inadequate care, he suffered damage to his kidneys, developed diabetes, and almost had a stroke. For relief, the plaintiff seeks $3,000,000.00 for damages as a result of the

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

inadequate care.  The plaintiff then filed a motion to proceed _in forma pauperis_, as well as a motion for the United States Marshals Service to serve his complaint.  ECF Nos. 2 and 8, respectively.

United States Magistrate Judge Robert W. Trumble entered a report and recommendation, wherein he recommends that the plaintiff's complaint be dismissed and the pending motion for leave to proceed _in forma pauperis_ be denied as moot.  ECF No. 9.  In the report and recommendation, Magistrate Judge Trumble points out that the plaintiff is a federal inmate, and that the defendants are federal entities and employees.  Therefore, an action should have been brought under _Bivens v. Six Unknown Agents of Federal Bureau of Narcotics_, 403 U.S. 388 (1971) ("_Bivens_"), rather than § 1983.  Moreover, the magistrate judge states that the plaintiff also filed a _Bivens_ action in Civil Action No. 3:16CV11, which was filed on the same date as the § 1983 action before this Court.  Other than being filed under _Bivens_ rather than § 1983, the complaint in Civil Action No. 3:16CV11 is identical to the complaint before this Court.  Thus, the magistrate judge recommends that the plaintiff's complaint before this Court be dismissed, and that the plaintiff's motion to proceed _in forma pauperis_ be denied as moot.  The plaintiff did not file objections to the report and recommendation.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a _de novo_ review of any portion of the magistrate judge's

recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in <u>United States v. United States Gypsum Co.</u>, "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948).

### III. <u>Discussion</u>

After reviewing the record before this Court, the findings of the magistrate judge are not clearly erroneous. A <u>Bivens</u> action seeks to enforce "an implied private action for damages against **federal officers** alleged to have violated a citizen's constitutional rights." <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61, 66 (2001) (emphasis added). Phrased another way, it is a "judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors." <u>Hall v. Clinton</u>, 235 F.3d 202, 204 (4th Cir. 2000). As stated earlier, however, the plaintiff filed his claim pursuant to § 1983. Section 1983 states the following:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, **of any State or Territory or the District of Columbia**, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

3

> Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable (emphasis added).

It is clear then that a <u>Bivens</u> action is the proper vehicle for suing a federal officer due to an alleged violation of a constitutional right, whereas an action under § 1983 applies to state officers. Here, the plaintiff, a federal inmate, is suing federal entities and officers. However, he brought his action under § 1983. Therefore, the plaintiff has sought relief under the wrong cause of action. Moreover, as the magistrate judge points out, the plaintiff has filed an identical complaint under <u>Bivens</u> in Civil Action No. 3:16CV11, which is currently pending before the Honorable Gina M. Groh, Chief United States District Court Judge for the Northern District of West Virginia. Therefore, it was not clear error by the magistrate judge to recommend the dismissal of the complaint before this Court rather than construe the plaintiff's § 1983 complaint as a <u>Bivens</u> action. Finding no clear error, the report and recommendation of the magistrate judge is hereby AFFIRMED AND ADOPTED. Accordingly, the plaintiff's complaint is DISMISSED and the plaintiff's motion to proceed <u>in forma pauperis</u> and motion to serve his complaint are DENIED AS MOOT.

## IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 9) is AFFIRMED AND ADOPTED. Therefore, the plaintiff's complaint is DISMISSED. Further, the plaintiff's motion to proceed in forma pauperis (ECF No. 2) and motion to serve the complaint (ECF No. 8) are hereby DENIED AS MOOT. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the parties were properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 9, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE